217 F.2d 885
 J. A. UTLEY COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
MILLWRIGHTS' LOCAL UNION NO. 1102, United Brotherhood of Carpenters and Joiners of America, and R. M. Laing, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 12240.
 No. 12250.
 United States Court of Appeals, Sixth Circuit.
 December 27, 1954.
 
 Robert C. Winter, Detroit, Mich. (H. Wm. Butler, Detroit, Mich., on the brief), for J. A. Utley Co.
 George E. Ganos, Detroit, Mich. (Boaz Siegel, Detroit, Mich., on the brief), for Millwrights' Local.
 James A. Ryan, Washington, D. C. (George J. Bott, David P. Findling, A. Norman Somers and Samuel M. Singer, Washington, D. C., on the brief), for N. L.R.B.
 Before ALLEN, MARTIN and MILLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, the employer company and a local millwrights' union affiliated with the American Federation of Labor and the bargaining agent of its employees seek a review of an order of the National Labor Relations Board. They ask to have set aside the board's decision finding that both the company and the union had violated the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.; and, if this relief is not given, the company asks that this court reverse the board in its requirement that back pay shall be made by it to its employee, Leroy Kerridge.
 
 
 2
 The National Labor Relations Board affirmed the rulings of the trial examiner and adopted his findings, conclusions and recommendations. The complaint was that the company discriminatorily withheld overtime work from Kerridge and finally discriminatorily terminated his employment. The examiner found, moreover, that the record clearly established that the union had caused the company to "lay off, and to withhold overtime work from, Kerridge for reasons other than non-payment of current union dues."
 
 
 3
 We think the findings of the examiner are supported by substantial evidence, considering the record as a whole. The examiner concluded that the union and its authorized agent, Laing, had violated sections 8(a) (1) and 8(b) (2) of the Act. See opinions cited by the National Relations Board. National Labor Relations Board v. F. H. McGraw & Co., 6 Cir., 206 F.2d 635; National Labor Relations Board v. G. W. Thomas Drayage & Rigging Co., 9 Cir., 206 F.2d 857. The record is replete with evidence of pressure brought by the union upon the employer company to withhold overtime work from Kerridge, and finally to discharge him. An unfair labor practice is not to be excused because a union, its members, or non-union employees, exercise economic pressure against the employer. See National Labor Relations Board v. Oertel Brewing Co., 6 Cir., 197 F.2d 59, 62; National Labor Relations Board v. Hudson Motor Car Co., 6 Cir., 128 F.2d 528, 532, 533.
 
 
 4
 We are of opinion that there is no merit in the contention of the employer that liability for back pay should, under section 10(c) of the Act, be limited to the union for the reason that it instigated and was solely responsible for the discrimination against Kerridge. We are in accord with the decision in National Labor Relations Board v. Pinkerton's Nat. Det. Agency, 9 Cir., 202 F.2d 230, 231, 232. See also National Labor Relations Board v. Acme Mattress Co., 7 Cir., 192 F.2d 524, 527, 528; Union Starch and Refining Co. v. National Labor Relations Board, 7 Cir., 186 F.2d 1008, 1014, 27 A.L.R.2d 629, certiorari denied 342 U.S. 815, 72 S.Ct. 30, 96 L.Ed. 617.
 
 
 5
 The petitions to set aside the order of the National Labor Relations Board are denied; and it is directed that the order of the board, in all its directions, be enforced.