466 F.2d 343
 80 L.R.R.M. (BNA) 3097, 151 U.S.App.D.C. 172,
68 Lab.Cas. P 12,822
 LOCAL UNION NO. 749, INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS,
FORGERS & HELPERS, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, California
Blowpipe & Steel Co., Inc., and Sequoia Employers
Council, Intervenor.
 No. 71-2006.
 United States Court of Appeals,
District of Columbia Circuit.
 June 30, 1972.
Rehearing Denied Aug. 16, 1972.
 
 Messrs. Charles P. Scully and Donald C. Carroll, San Francisco, Cal., were on the brief for petitioner.
 Messrs. Marcel Mallet-Prevost, Asst. Gen. Counsel, and Joseph E. Mayer and William H. DuRoss, III, Attys., N.L.R. B., were on the brief for respondent.
 Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Union challenges the National Labor Relations Board's findings that it violated Sections 8(b) (2) and 8(b) (1) (A) of the National Labor Relations Act, 29 U.S.C. Secs. 158(b) (2) and 158(b) (1) (A). The single issue before us is whether a union may lawfully request an employer, with whom it has a union security agreement, to fire an employee who, although willing to pay the requisite union dues and fees, refuses to assume formal union membership.
 
 
 2
 Intervenor California Blowpipe and Steel Company and the Union were parties to a collective bargaining agreement which provided:
 
 
 3
 All employees covered by this Agreement . . . shall, within the time required by the Union after the thirtieth day following the beginning of their employment . . . become and remain members of the Union in good standing, as a condition of continued employment. . . .
 
 
 4
 [W]hen the Employer is notified by the Union in writing that an employee is delinquent in the payment of dues, or, within the time required by the Union, has failed to make proper application and pay the initiation fee required, the Employer shall immediately terminate such employee.
 
 
 5
 It is undisputed that during the year 1970 the Union requested the Company to terminate the employment of three employees who, although willing to pay the required Union dues and initiation fees, refused to sign the Union's membership application card. On the basis of an interpretation of Section 8(a) (3) of the Act first adopted in Union Starch and Refining Company, 87 NLRB 779 (1949), enf'd, 186 F.2d 1008 (7th Cir.), cert. denied, 342 U.S. 815, 72 S.Ct. 30, 96 L.Ed. 617 (1951), the Board concluded that these requests were forbidden by the Act. The Union contends, contrarily, that such requests are expressly permitted by Section 8(a) (3), and urges this court to reject Union Starch.
 
 
 6
 Section 8(a) (3) provides in pertinent part:
 
 
 7
 8(a) It shall be an unfair labor practice for an employer--
 
 
 
 * * *
 (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization:
 Provided, That nothing in this Act . . . shall preclude an employer from making an agreement with a labor organization . . . to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment . . . Provided further, That no employer shall justify any discrimination against an employee for nonmembership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and initiation fees uniformly required as a condition of acquiring or retaining membership.
 Section 8(b) (1) makes it an unfair labor practice for unions generally "to restrain or coerce employees in the exercise of the rights guaranteed in Section 7," and Section 8(b) (2) specifically prohibits unions from causing or attempting to cause an employer "to discriminate against an employee in violation of subsection (a) (3)."
 It is the Board's position that part (B) of the second proviso in Section 8(a) (3) forbids a union from attempting to cause an employer to discharge an employee for any reason other than the employee's failure to tender periodic dues and fees. As one court has put it:
 Even where, as in the instant case, all the statutory requirements of a valid union shop agreement are met, the Act provides that the only ground upon which an employee can be lawfully discharged is for non-payment of initiation fees or periodic dues. Nothing else suffices.
 N. L. R. B. v. Technicolor Motion Picture Corp., 248 F.2d 348, 352 (9th Cir. 1957). The Union argues, on the other hand, that (1) Section 8(a) (3) expressly permits unions and employers to agree to condition continued employment on union "membership" and that "membership" is not equivalent to a mere willingness to pay dues and fees, (2) the Board's interpretation in effect imposes on unions a definition of membership which violates the statutory right of labor organizations under Section 8(b) (1) (A) to establish membership qualifications for themselves, (3) the legislative history does not support the Board's position, (4) that position effectively destroys union security, which the Act was manifestly designed to protect, and abolishes the distinction between "union shops" and "agency shops" which the framers of Section 8(a) (3) clearly recognized, and (5) the Board's interpretation of part (B) of the proviso renders part (A) a nullity.[1]
 Whatever force these arguments might have were the question before us res nova, the Union Starch rule which the Board applied here has been sanctioned by virtually every other circuit court of appeals in the United States and referred to approvingly by the Supreme Court and this court.[2] In N. L. R. B. v. General Motors Corp., 373 U.S. 734, 742, 743, 83 S.Ct. 1453, 1459, 10 L. Ed.2d 670 (1963), the Supreme Court stated quite unambiguously:
 It is permissible to condition employment upon membership, but membership, insofar as it has significance to employment rights, may in turn be conditioned only upon payment of fees and dues. "Membership" as a condition of employment is whittled down to its financial core. . . .
 If an employee in a union shop unit refuses to respect any union-imposed obligations other than the duty to pay dues and fees, and membership in the union is therefore denied or terminated, the condition of "membership" for Sec. 8(a) (3) purposes is nevertheless satisfied and the employee may not be discharged for nonmembership even though he is not a formal member.[10]
 See also N. L. R. B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 197, n. 37, 87 S. Ct. 2001, 18 L.Ed.2d 1123 (1967); Amalgamated Ass'n etc. Motor Coach Employees v. Lockridge, 403 U.S. 274, 284, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). In view of this long-established array of authority, we regard the issue as settled.[3]
 The Union's petition for review is denied, and the Board's cross-petition for enforcement of its order is granted.
 It is so ordered.
 1 The Union argues alternatively that Union Starch is factually distinguishable, in that the employees there desired membership, whereas the employees here did not. In terms of an employee's right under Section 8(a) (3) to be protected from discharge for non-union membership, we think it irrelevant whether the employee did or did not desire membership in the Union. See N.L.R.B. v. General Motors Corp., 373 U.S. 734, 742, 743, 83 S.Ct. 1453, 10 L.Ed.2d 670 (1963).
 2 See, e. g., I.U.E., Local 801 v. N.L.R.B., 113 U.S.App.D.C. 342, 345, 307 F.2d 679, 682, cert. denied, 371 U.S. 936, 83 S.Ct. 307, 9 L.Ed.2d 270 (1962); N.L.R.B. v. Zoe Chem. Co., 406 F.2d 574, 579 (2d Cir. 1969); N.L.R.B. v. Philadelphia Iron Works, Inc., 211 F.2d 937, 941 (3rd Cir. 1954); N.L.R.B. v. Pape Broadcasting Co., 217 F.2d 197, 199 (5th Cir. 1954); J. A. Utley Co. v. N.L.R.B., 217 F.2d 885, 886 (6th Cir. 1954); N.L.R.B. v. Spector Freight Systems, Inc., 273 F.2d 272 (8th Cir.), cert. denied, local 600 etc. v. N.L.R.B., 362 U.S. 962, 80 S.Ct. 878, 4 L.Ed.2d 877 (1960); N.L. R.B. v. Technicolor Motion Picture Corp., 248 F.2d 348, 352 (9th Cir. 1957); N.L.R.B. v. Broderick Wood Products Co., 261 F.2d 548, 558 (10th Cir. 1958).
 10 Union Starch & Ref. Co. v. [National] Labor [Relations] Board, 186 F.2d 1008 (C.A. 7th Cir.). . . .
 3 Our decision here is limited to the issue of discharge form employment. We decide nothing, and we intimate no opinion, as to the extent of a union's power to discipline an employee who, though refusing formal membership, pays union dues and fees.